### In re FEDERAL DISTRICT TRUST.

District Court, D. Massachusetts.
Feb. 6, 1934.

Gaston, Snow, Saltonstall & Hunt, of Boston, Mass., for petitioning creditors.

Barker, Davison & Shattuck, of Boston, Mass., for Atlantic Nat. Bank.

Choate, Hall & Stewart, of Boston, Mass., for Russell S. Tucker et al., Bondholders' Protective Committee.

David Stoneman, of Boston, Mass., for alleged bankrupt.

BREWSTER, District Judge.

This involuntary petition was brought by the National Shawmut Bank of Boston, as it is trustee under a certain deed of trust securing an issue of bonds. The petition is opposed by the Atlantic National Bank of Boston which, within the four months' period, received a conveyance of certain property of the alleged bankrupt in satisfaction of a judgment.

The matter was referred to Referee Ryan to report on the question of adjudication. He has filed an original and supplemental report recommending adjudication. During the pendency of the proceeding, two creditors with claims aggregating considerably over $500 intervened and joined as petitioning creditors.

The petition was originally filed by one creditor which alleged on information and belief that the total number of creditors of the alleged bankrupt was less than twelve in number. In this petition it was also alleged that the nature and amount of the petitioner's claim was the principal of all bonds outstanding and secured by said mortgage in the sum of $645,000, and also the sum of $285 due it for services and expenses. The act of bankruptcy alleged was the convey-

ance to the Atlantic National Bank, above referred to.

■■ In his report, the referee has set forth at some length the provisions of the deed of trust above referred to, and therefore I will not repeat them in this memorandum. The referee found that the amount of the bonds exceeded the value of the security; that, according to the terms of the instrument, the alleged bankrupt was under contractual obligations to pay to the petitioner around $21,000, accrued interest, for which a demand had been made; and that the alleged bankrupt owed the petitioner $285 for services and expenses, as alleged.

I agree with the referee that the original petitioner was a creditor with a provable claim. The amount of its claim may be debatable, but it is not now necessary to inquire into the extent of it, because the referee has found that the interveners were creditors with claims aggregating much in excess of $500.

■ The original petition upon its face was valid, and therefore the defects which later developed during the course of the proceedings were cured by the addition of the two intervening creditors. I do not agree that upon the allegations of the original petition, if proved, an adjudication could not possibly follow. The referee having found that the act of bankruptcy had been committed, and that three creditors with provable claims in excess of $500 had joined in the petition, it follows that an adjudication may be entered upon the petition.

I affirm the referee's report and order that the Federal District Trust be adjudicated a bankrupt.